COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| CARLOS AGUILERA, | § | No. 08-22-00021-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20190C11221) |

## O P I N I O N

A jury convicted Appellant Carlos Aguilera of driving while intoxicated (DWI) with a blood-alcohol concentration (BAC) equal to or greater than 0.15. Appellant challenges his conviction in six issues, arguing that the evidence is legally insufficient to support his conviction and that the trial court abused its discretion by admitting a bodycam video recording over Appellant's objections under Rules 401, 403, 404(b), and 801 of the Texas Rules of Evidence and the Sixth Amendment Confrontation Clause. For the following reasons, we affirm Appellant's conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. DWI investigation

On the evening of December 6, 2019, Jesus Holmes was driving in El Paso, Texas, with his wife Flor Holmes when they noticed a brown Ford F-250 truck "consistent[ly]" swerving between lanes. As the truck continued on the road, Jesus and Flor saw it partially go off the street causing the motorist to overcorrect with a hard left turn, resulting in the truck jumping the curb and almost flipping over. The truck also momentarily went into the wrong lane of traffic. Jesus flashed his lights in an attempt to get the motorist's attention because he was "afraid that [the motorist] would kill himself, kill somebody else or there'd be a major accident where I wouldn't be able to avoid it." Flor called 911 to report the motorist's erratic driving.

The motorist, later identified as Appellant, eventually pulled into a Valero gas station, spent several minutes searching for something in the passenger compartment of the truck, exited the truck, and walked into the store. Jesus parked his vehicle, and he and Flor continued to watch Appellant from a distance. Flor only saw Appellant exit the brown truck. Both Jesus and Flor positively identified Appellant in the courtroom as the person who was driving the truck at the time in question.

Horizon City Police Department Sergeant Kennen Greseth was dispatched to the Valero to investigate Appellant. Upon arriving, Sergeant Greseth spoke to Jesus, who pointed out Appellant as the driver of the truck. Sergeant Greseth did not see another person in the truck. After Appellant came out of the convenience store holding a bag containing two beers, Sergeant Greseth noticed that Appellant looked at him in a "suspicious" manner and began walking in the other direction. After making contact with Appellant, Sergeant Greseth noticed Appellant smelled of alcohol, had slurred speech, and was unable to maintain his balance. Appellant repeatedly denied driving the

2

truck and told Sergeant Greseth that his cousin was driving the truck but that his cousin had left. According to Sergeant Greseth, several other people appeared during the encounter and told the officer they had been drinking with Appellant at a restaurant. Sergeant Greseth asked Appellant to perform standardized field sobriety tests (SFSTs), but Appellant refused. Sergeant Greseth arrested Appellant for driving while intoxicated. Appellant agreed to provide a sample of his breath; subsequent testing at the police station yielded BAC results of 0.159 and 0.160 approximately one hour after the encounter began.

## B.     Procedural history

The State charged Appellant with driving while intoxicated with a BAC of 0.15 or greater. In addition to the witness testimony above, the State offered into evidence Flor's 911 call and two video recordings from Sergeant Greseth's bodycam. Appellant objected to the admission of the videos on various grounds that we enumerate in detail below. The trial court overruled Appellant's objections in part and admitted redacted versions of the video recordings into evidence. The jury found Appellant guilty of driving while intoxicated with a BAC greater than or equal to 0.15. The trial court assessed punishment of 365 days' imprisonment, probated for fifteen months, along with a $250 fine and various terms and conditions of community supervision. This appeal followed.

## OVERVIEW OF ISSUES ON APPEAL

Appellant challenges his conviction in six issues. He argues that the evidence is legally insufficient to establish that he operated the truck or that his BAC was greater than or equal to 0.15 at the time of driving. Appellant also raises five issues challenging the admission of the bodycam video recordings; he argues that the admission of Jesus's and Flor's statements contained within the video recordings violated Texas Rules of Evidence 801, 401, 403, and 404(b) as well as

3

Appellant's right to confront witnesses under the Confrontation Clause. *See* TEX. R. EVID. 801, 401, 403, 404(b). We address each issue in turn.

## LEGAL SUFFICIENCY

### A. Standard of review and applicable law

The Fourteenth Amendment guarantee of due process requires every conviction to be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In a legal-sufficiency challenge, we focus solely on whether the evidence, when viewed in the light most favorable to the verdict, would permit *any* rational jury to find the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 318–19; *Brooks*, 323 S.W.3d at 912 (establishing legal sufficiency under *Jackson v. Virginia* as the only standard for review of the evidence).

Applying that standard, we recognize that our system designates the jury as the sole arbiter of witness credibility and the weight attached to the testimony of each witness. *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Only the jury acts "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007), *quoting Jackson*, 443 U.S. at 319. In doing so, the jury may choose to believe or disbelieve any testimony. *Lancon v. State*, 253 S.W. 3d 699, 707 (Tex. Crim. App. 2008). The jury remains at liberty to believe "all, some, or none of a witness's testimony." *Metcalf*, 597 S.W.3d at 855. When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict and defer to that determination. *Dobbs*, 434 S.W.3d at 170, *citing Jackson*, 443 U.S. at 319. In conducting a legal-sufficiency review, "[w]e are not to sit as a thirteenth juror reweighing the evidence or deciding whether we

4

believe the evidence established the element in contention beyond a reasonable doubt[.]"*Blankenship v. State*, 780 S.W.2d 198, 207 (Tex. Crim. App. 1988) (en banc). Instead, "we test the evidence to see if it is at least conclusive enough for a reasonable factfinder to believe based on the evidence that the element is established beyond a reasonable doubt." *Id., citing Jackson*, 443 U.S. at 318. "In reviewing the legal sufficiency of the evidence, we consider all the evidence admitted at trial, even improperly admitted evidence." *Lopez v. State*, 615 S.W.3d 238, 249 (Tex. App.—El Paso 2020, pet. ref'd) (citing *Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004)).

Appellant argues that the evidence was legally insufficient to support his conviction for driving while intoxicated with a BAC greater than or equal to 0.15. A person commits that offense if the person is intoxicated while operating a motor vehicle in a public place, and if it is proved that a specimen of the person's blood, breath, or urine showed a BAC of 0.15 or more at the time the analysis was performed. TEX. PENAL CODE ANN. § 49.04(a), (d). In particular, Appellant argues that the evidence is legally insufficient to establish (1) that he was the person who operated the truck and (2) that he was intoxicated at the time of driving. We consider each element below.

### B. The evidence is legally sufficient to establish Appellant's operation of the truck

We first address Appellant's argument that the State failed to present "credible evidence" that Appellant operated a vehicle. Operation is not statutorily defined; however, courts examining the sufficiency of the evidence to support operation have concluded that a person operates a vehicle when "the totality of the circumstances . . . demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Kirsch v. State*, 357 S.W.3d 645, 650–51 (Tex. Crim. App. 2012).

At trial, the State presented testimony from Jesus and Flor indicating that after seeing the brown truck being driven erratically, they followed it to a convenience store and saw a man exit the driver's side of the truck. Flor testified that she kept the truck in sight at all times. While in the courtroom, both Jesus and Flor identified Appellant as the driver of the truck. Moreover, Sergeant Greseth testified that he did not see anybody else present in the vehicle. Given the totality of the circumstances, this is sufficient evidence to establish beyond a reasonable doubt that Appellant operated the truck. *See Vedia v. State*, No. 04-18-00393-CR, 2019 WL 3208817, at *5 (Tex. App.—San Antonio July 17, 2019, pet. ref'd) (mem. op., not designated for publication) (legally sufficient evidence supported the defendant's operation of a vehicle where an eyewitness testified that she saw the defendant driving the vehicle despite the witness's admission that she was not "one hundred percent certain" that the defendant got out of the truck from the driver's side, reasoning that the jury was free to credit the witness's identification of the defendant and discount any of her expressions of qualifying doubt).

Appellant argues that (1) the State could have but failed to present certain evidence that would have supported his operation of the vehicle; (2) testimony from Jesus and Flor was "exaggerated" and contained various inconsistencies that rendered their testimony not credible; and (3) given the evidence, including the appearance of several people who claimed to be with Appellant, Appellant's claim that his cousin or another person was driving the truck made more sense. These arguments fail because they are not rooted in the applicable standard of review.

Because the jury is the sole arbiter of the witness credibility and the weight to be given to their testimony, we cannot substitute our evaluation of the evidence for that of the jury's. Moreover, it is solely the jury's responsibility to resolve any inconsistencies in the evidence, and we must view all evidence in the light most favorable to the verdict. Regarding Appellant's claim

6

that his cousin or another person had driven the truck, we consider that theory as impliedly considered and rejected by the jury. *See Maillart v. State*, No. 08-20-00232-CR, 2022 WL 970334, at *5 (Tex. App.—El Paso Mar. 31, 2022, pet. ref'd) (not designated for publication) (because a reviewing court cannot reweigh the evidence or substitute its judgment for that of the fact finder, the reviewing court should regard any inconsistencies in the evidence supporting a defensive theory as impliedly considered and rejected by the fact finder in light of its verdict). Finally, to the extent that Appellant argues that his version of events was more credible and required the State to disprove Appellant's version to uphold his conviction, we are not to engage in the long-disavowed "reasonable alternative hypothesis" construct and hold the State to this burden; instead, we must only determine whether any rational jury could have found the elements of the charged offense beyond a reasonable doubt. *See Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) ("For the evidence to be sufficient, the State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt.").

For these reasons, we hold that legally sufficient evidence established Appellant's operation of a motor vehicle at the time of the offense.

**C.    The evidence is legally sufficient to establish Appellant's intoxication at the time he operated the truck**

Next, Appellant argues the State failed to establish he was intoxicated at the time he operated the truck. The Texas Penal Code provides for two theories under which the State can prove intoxication—a "subjective" theory and a "per se" theory. *Aguirre v. State*, No. 08- 20- 00057-CR, 2022 WL 3225160, at *6 (Tex. App.—El Paso Aug. 10, 2022, pet. ref'd) (not designated for publication) (citing TEX. PENAL CODE ANN. § 49.01(2)(A), (B)). The subjective theory is shown by the defendant "not having the normal use of mental or physical faculties by

reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01(2)(A). The per se theory is shown by the defendant "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2)(B). A finding under either theory is sufficient to prove intoxication. *Aguirre*, 2022 WL 3225160, at *6 (citing *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012)). We examine the evidence to determine where there was sufficient proof of intoxication. *Id.* (citing *Crenshaw*, 378 S.W.3d at 466 that "definitions of intoxicated are purely evidentiary matters").

Here, Appellant contends that the State failed to prove that he was intoxicated at the time he operated the truck, pointing to (1) the length of time between his stop and the collection of his breath specimen and (2) the lack of evidence regarding retrograde extrapolation or Appellant's performance on SFSTs. We disagree.

Appellant's breath test yielded BAC results of 0.159 and 0.160 approximately one hour after Sergeant Greseth made contact with Appellant, but the State did not present retrograde-extrapolation evidence to establish his approximate BAC at the time he was driving. As the Court of Criminal Appeals has noted, although the test results without retrograde-extrapolation evidence will not suffice by themselves to prove intoxication under the per se theory, the test results may be sufficient to prove per se intoxication if other evidence supports an inference that the defendant was intoxicated at the time of driving as well as at the time of taking the test. *See Kirsch v. State*, 306 S.W.3d 738, 745–46 (Tex. Crim. App. 2010). To that end, a suspect's breath-test results are "pieces in the evidentiary puzzle" for the jury to consider in determining his intoxication at the time of driving under either the per se or subjective theories. *Stewart v. State*, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004) (en banc); *see Kirsch*, 306 S.W.3d at 744–46 (recognizing that although

BAC-test results are not conclusive evidence of a defendant's intoxication at the time of driving, the results nonetheless have "considerable probative value" that can prove both the per se or subjective theories of intoxication at the time the defendant was driving).

In addition to the BAC test results, the State also presented ample circumstantial evidence to support that Appellant was intoxicated at the time he was driving. *See Dobbs*, 434 S.W.3d at 170 ("Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt."). In particular, Jesus and Flor testified about Appellant's irregular driving behavior and his inability to locate something in his vehicle for several minutes, suggesting the impairment of his normal mental or physical faculties. Moreover, Sergeant Greseth testified that (1) Appellant came out of the convenience store holding two beers and tried to walk away from him; (2) Appellant smelled of alcohol, had difficulty maintaining his balance, and had slurred speech; (3) Appellant refused to perform SFSTs;[1] (4) other people at the scene told him that Appellant had been drinking with them at a restaurant; and (5) Sergeant Greseth, who had training and experience in dealing with intoxicated people, believed Appellant was intoxicated based on his "confusing" narrative of the events that night, his slurred speech, and the continued smell of alcohol coming from his person.[2]

Based on the totality of the circumstances, the jury could have rationally found beyond a reasonable doubt that Appellant was intoxicated at the time of driving the truck. *See Kirsch*, 306 S.W.3d at 744–46; *see also Aguirre*, 2022 WL 3225160, at *6–7 (evidence was sufficient to

---

[1] *See Lonsdale v. State*, No. 08-05-00139-CR, 2006 WL 2480342, at *4 (Tex. App.—El Paso Aug. 29, 2006, pet. ref'd) (not designated for publication) (recognizing that "[a] defendant's refusal to perform field sobriety tests is relevant and admissible" in a DWI prosecution) (citations omitted).

[2] *See Fletcher v. State*, No. 08-13-00043-CR, 2014 WL 4922625, at *4 (Tex. App.—El Paso Sept. 30, 2014, no pet.) (not designated for publication) ("In general, an officer's testimony that a person is intoxicated provides sufficient evidence to establish the intoxication element for the offense of DWI.") (citing *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979)).

support the subjective theory of intoxication where the defendant was speeding, had a can of beer in his vehicle, exhibited slurred speech and bloodshot eyes, had trouble locating his insurance, and showed negligible signs of intoxication on SFSTs, notwithstanding the defendant's BAC below the legal limit at the time of testing).

Accordingly, we overrule Appellant's first issue.

## ADMISSION OF VIDEO RECORDINGS

Having found legally sufficient evidence to sustain Appellant's conviction for the charged offense, we next address whether the trial court abused its discretion on multiple grounds by admitting the video recordings from Sergeant Greseth's bodycam.

### A. Factual background

During its case-in-chief, the State offered two video recordings from Sergeant Greseth's bodycam. Appellant objected that the first recording (1) contained inadmissible hearsay; (2) constituted improper character evidence; (3) was irrelevant because the video did not concern Appellant's operation of the truck; (4) would be cumulative of Jesus's and Flor's anticipated testimonies and contained their statements that would be unfairly prejudicial to Appellant; and (5) contained statements from witnesses who had not been subpoenaed, thus violating the Confrontation Clause. The trial court asked why the State had not subpoenaed the other witnesses who appeared in the video, and the prosecutor responded that he did not believe their testimony would be necessary to proving the State's case. Appellant objected that the second recording was cumulative of what was depicted in the first recording, and the State responded that Appellant made the statement, "I was driving—I mean my cousin was driving" solely in the second recording.

10

After reviewing the videos, the trial court admitted the first and second video recordings as State's Exhibits 3-A and 3-B, respectively. However, the court sustained Appellant's Confrontation-Clause objection and removed the portions of the videos containing statements from witnesses who were not available to testify. Further, the court sustained Appellant's cumulative-evidence objection and excluded portions of State's Exhibit 3-B that were cumulative of what was depicted on State's Exhibit 3-A. In light of these rulings, the court also instructed the State to make a new version of State's Exhibit 3-B for admission into evidence that did not contain the cumulative portions from State's Exhibit 3-A, as well as versions of the recordings that did not contain statements from witnesses who had not been subpoenaed.

## B.    Standard of review

We review a trial court's ruling on the admission of evidence under the abuse-of-discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). The trial court only abuses its discretion if it acts "without reference to any guiding rules and principles or acts arbitrarily or unreasonably." *Id.* We will not disturb the trial court's ruling if it is correct under any applicable theory of law, even if the court articulated the wrong reason for the right ruling. *Lopez*, 615 S.W.3d at 257 (citing *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016)).

And if a trial court admits evidence in error, the erroneous admission is reviewed under the harmless-error standard set forth in Texas Rule of Appellate Procedure Rule 44.2(b). Under that standard, "Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). An appellate court may not reverse for non-constitutional error if the court, after examining the entire record, has a fair assurance that the error did not have a substantial and injurious effect or influence in determining the verdict. *Maillart*, 2022 WL 970334, at *17 (citing *Casey v. State*, 215 S.W.3d 870, 884–85 (Tex. Crim. App. 2007)).

11

## C.     TEX. R. EVID. 801

In his second issue, Appellant argues that the trial court abused its discretion by admitting the bodycam videos because they contained inadmissible hearsay statements from Jesus and Flor.

Hearsay is a statement a declarant makes outside of his testimony at the current proceeding that a party offers into evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Absent an exclusion or exception to the rule, hearsay is not admissible. TEX. R. EVID. 802. At trial, the State argued that Jesus's and Flor's statements were admissible under the present-sense-impression exception to the hearsay rule. That exception provides that "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is not excluded by the hearsay rule. TEX. R. EVID. 803(1). A statement must be made immediately after or with only a slight lapse of time after the event described to fall within the present-sense-impression exception. *Valmana v. State*, 605 S.W.3d 490, 507 (Tex. App.—El Paso 2020, pet. ref'd). However, "[o]nce reflective narratives, calculated statements, deliberate opinions, or conscious 'thinking-it-through' statements enter the picture, the present sense impression exception longer allows [a statement's] admission." *Fischer v. State*, 252 S.W.3d 375, 381 (Tex. Crim. App. 2008). "Similarly, factual observations, narrations, opinions, and conclusions made by a citizen or bystander that might be intended by the declarant to be made with an eye toward future litigation or evidentiary use are inadmissible under the rule." *Id.* at 384.

On appeal, Appellant argues that Jesus's and Flor's statements to Sergeant Greseth that they believed Appellant was intoxicated, that he was posing a risk and possibly going to kill someone, and that he would have killed someone had they not gotten involved are more than just observations or explanations from an observation. Instead, Appellant posits that the statements

constitute opinions or conclusions that Jesus and Flor formed after the opportunity for reflection and deliberation, which took their statements out of the purview of the present-sense-impression exception. The State responds that Jesus and Flor made the statements within a close-enough period of time such that there would be "little opportunity for Jesus and Flor to make a calculated misstatement of the events they perceived," thus fulfilling Rule 803(1)'s purpose of allowing statements from witnesses who did not have sufficient time to fabricate or alter their statements.

Assuming, without deciding, that the trial court abused its discretion by admitting the video recordings containing hearsay statements, any error was harmless. Here, Jesus's and Flor's statements in the video recordings regarding Appellant's intoxication and erratic driving were cumulative of other properly admitted evidence establishing the same facts, including testimony at trial by Jesus and Flor as well as Flor's statements in her 911 call. Both Jesus and Flor testified that (1) they believed Appellant was intoxicated; (2) he was driving erratically by driving on the wrong side of the road, striking the curb, and almost flipping his truck; and (3) they were concerned for his safety and the safety of others, with Jesus specifically testifying that he was afraid that Appellant was going to kill himself or another person through his driving. Moreover, Flor told the police dispatcher in the 911 call she believed Appellant was "very, very drunk," that he was driving a brown Ford F-250 pickup truck, that he was swerving, that he almost flipped his truck, that he drove on the wrong side of the road, and that she did not want him to cause an accident.[3]

If erroneously admitted hearsay evidence is cumulative of the same evidence admitted by other means, the error is usually harmless. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999); *Willits v. State*, No. 08-17-00072-CR, 2019 WL 364612, at *5–6

---

[3] Although Appellant made a hearsay objection at trial to the admission of the 911 call, he does not complain about its admission on appeal.

13

(Tex. App.—El Paso Jan. 30, 2019, no pet.) (not designated for publication) (citing *Mitchell v. State*, 419 S.W.3d 655, 660 (Tex. App.—San Antonio 2013, pet. ref'd)). Because the complained-of statements in the video recordings were cumulative of other evidence proving the same facts, we conclude that any claimed error on this basis in admitting the video recordings did not affect Appellant's substantial rights and would have been harmless. *Brooks*, 990 S.W.2d at 287 (any error in admitting a hearsay statement under the present-sense-impression exception "was harmless in light of other properly admitted evidence proving the same fact").

Accordingly, we overrule Appellant's second issue.

## D.     TEX. R. EVID. 401

In his third issue, Appellant argues that the trial court abused its discretion by admitting the video recordings because Jesus's and Flor's statements that they did not want Appellant to kill someone by his erratic driving were irrelevant, reasoning that "[t]he dangerousness of an erratic driver presumed intoxicated is not a fact of consequence for the guilt-innocence phase of trial." We disagree.

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact is of consequence in determining the action." TEX. R. EVID. 401. To be relevant, evidence need not conclusively prove a fact of consequence, but rather must only create a "small nudge" toward proving the fact. *Pena v. State*, No. 08- 16- 00236- CR, 2019 WL 1374152, at *8 (Tex. App.—El Paso Mar. 27, 2019, pet. ref'd) (not designated for publication) (citing *Stewart v. State*, 129 S.W.3d 93, 96 (Tex. Crim. App. 2004)). As such, "[t]he threshold for relevance under Rule 401 is very low." *Haley v. State*, 173 S.W.3d 510, 520 (Tex. Crim. App. 2005) (Keller, J., concurring).

Here, the State was required to prove that Appellant operated a vehicle while he was intoxicated; thus, operation and intoxication were two facts of consequence in determining Appellant's guilt for driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a). Jesus's and Flor's statements that Appellant could have killed somebody through his dangerous driving provided a "small nudge" to help establish the extent to which Appellant was impaired while he was driving. This in turn made both his operation of a vehicle and his impaired faculties caused by his intoxication more likely than those facts would have been had the State not presented the evidence. Thus, the evidence met the test for relevance and the trial court did not abuse its discretion by admitting the video recordings over Appellant's relevance objection.

Accordingly, we overrule Appellant's third issue.

## E.   TEX. R. EVID. 403

In his fourth issue, Appellant argues that the trial court abused its discretion by admitting the video recordings because Jesus's and Flor's statements that they did not want Appellant to kill someone by his driving "conjure up emotions and visions of carnage left in the aftermath of a drunk driver." Appellant posits that even if Jesus's and Flor's statements were relevant, the admission of the statements caused the potential for the jury to decide the case on a misleading and irrational basis, thus violating TEX. R. EVID. 403.[4]

Texas Rule of Evidence 403 allows a trial court to exclude otherwise relevant evidence if its probative value is substantially outweighed by one or more of the following: "unfair prejudice,

---

[4] Although the trial court did not expressly undertake a Rule-403 analysis, the record indicates that it engaged in several discussions regarding the admission of the video recordings and reviewed the videos outside the presence of the jury before overruling Appellant's objection and admitting the video recordings into evidence. Moreover, the trial court excluded portions of State's Exhibit 3-B that were cumulative of what was depicted in State's Exhibit 3-A, impliedly suggesting that the court undertook the analysis. *See* TEX. R. EVID. 403 (excluding evidence whose probative value is substantially outweighed by, inter alia, needlessly cumulative evidence).

15

confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that the relevant evidence will be more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990). In performing a Rule-403 analysis, a court

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

As noted above, the statements regarding Appellant's dangerous operation of a vehicle that posed a risk to other motorists were probative of two elements of the charged offense: operation and intoxication. In particular, the statements show the degree of Appellant's erratic operation of the vehicle, which in turn is probative of the degree of his intoxication through the loss of his normal use of mental and physical faculties. *See* TEX. PENAL CODE ANN. § 49.01(2)(A). And given that one of Appellant's primary defensive theories was that he had not operated the vehicle, the State had need of such evidence tending to establish that Appellant was driving and to rebut his defensive theory and to prove the operation and intoxication elements of the offense. Although there was some possibility for the statements to render a decision on the basis of the risks posed by intoxicated drivers generally instead of whether Appellant committed the charged offense, the complained-of statements were nonetheless sufficiently connected to the main issues in the case, i.e., whether Appellant operated a motor vehicle while intoxicated. Moreover, there is no indication that the jury was unequipped to properly evaluate the evidence, and the evidence did

16

not consume an inordinate amount of time to present. For these reasons, we conclude that the trial court's decision to overrule Appellant's Rule-403 objection and admit the evidence was not outside the zone of reasonable disagreement.

Moreover, even if the trial court had abused its discretion by admitting the statements over Appellant's objection, any error was harmless. *See* TEX. R. APP. P. 44.2(b). In determining whether Appellant was harmed by the erroneous admission of evidence, we would consider "(1) the character of the alleged error and how it might be connected to other evidence; (2) the nature of the evidence supporting the verdict; (3) the existence and degree of additional evidence showing guilt; and (4) whether the State emphasized the complained-of error." *Maillart*, 2022 WL 970334, at *17 (citing *Bagheri v. State*, 119 S.W.3d 755, 762–63 (Tex. Crim. App. 2003)).

Jesus's and Flor's statements in the video recordings supported Appellant's operation of the truck and his intoxication and were connected to other evidence proving the same facts. And as explained above, there was strong evidence indicating Appellant's guilt, including (1) testimony from Jesus and Flor that Appellant was driving dangerously and that they saw him exit the driver's side of the truck; (2) Sergeant Greseth's testimony that he saw Appellant come out of the convenience store with two beers, he admitted that he had been drinking, he smelled of alcohol and had slurred speech, and he refused to perform SFSTs; and (3) Appellant's BAC-test results of 0.159 and 0.160 approximately one hour after Sergeant Greseth made contact with Appellant. When the State argued in its closing statements that Appellant's operation of the truck was dangerous, the State did not emphasize the particular statements that Appellant could have possibly killed someone with his driving. Thus, had the trial court erred in admitting the statements in the video recordings over Appellant's Rule-403 objection, any such error would have been harmless. *See* TEX. R. APP. P. 44.2(b).

17

Accordingly, we overrule Appellant's fourth issue.

## F.      TEX. R. EVID. 404(b)

In his fifth issue, Appellant argues that the same complained-of statements forced him to defend himself against "uncharged imaginary crimes in addition to the charged offense," including intoxication assault and intoxication manslaughter. He contends that these statements constitute improper character evidence under TEX. R. EVID. 404(b) and erroneously allowed his conviction based on his bad character and future dangerousness.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). But impermissible evidence of an extraneous offense must involve evidence of "prior criminal conduct" by the defendant, and if the evidence does not show that an offense was committed or that the accused was connected to the offense, there is no evidence of an extraneous offense. *McKay v. State*, 707 S.W.2d 23, 31–32 (Tex. Crim. App. 1985) (en banc); *Bendy v. State*, No. 08-15-00369-CR, 2016 WL 6473054, at *4 (Tex. App.—El Paso Nov. 2, 2016, no pet.) (not designated for publication).

Here, Appellant complains that Jesus's and Flor's statements regarding the potential for Appellant to injure or kill another person through his intoxicated driving implicated his purported commission of two uncharged offenses: intoxication assault and intoxication manslaughter. *See* TEX. PENAL CODE ANN. §§ 49.07, .08. However, neither Jesus nor Flor claimed that Appellant actually caused bodily injury or death to another person while he was driving; instead, their testimonies only alluded to the possibility that he could do so. Because there was no evidence or allegation that Appellant actually committed an extraneous offense, his argument fails. *See McKay*, 707 S.W.2d at 31–32; *Bendy*, 2016 WL 6473054, at *5 (witness testimony referencing the

18

defendant's connection to prior criminal investigations did not include evidence that he had committed any prior criminal conduct therefore no extraneous-offense evidence had been admitted and Rule 404(b) had not been violated).

Accordingly, we overrule Appellant's fifth issue.

## G.    Confrontation Clause

Finally, Appellant argues in his sixth issue that the trial court abused its discretion by admitting the video recordings because he had no prior opportunity to cross-examine Flor before the video recordings had been admitted and presented to the jury, thus violating the Sixth Amendment's Confrontation Clause under *Crawford v. Washington*. 541 U.S. 36, 68 (2004). He asserts that the video recordings could only be admitted "only after, or contemporaneously with, [Flor's] testimony" (even though Flor was available for cross-examination during the trial and Appellant did in fact cross-examine her). The State responds that because Appellant did not object to the admission of the video recordings on this basis, he has waived his appellate complaint on this basis.

To preserve an issue for appellate review, an appellant has the burden to make a timely and specific objection in the trial court. TEX. R. APP. P. 33.1(a); *see Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020) (noting that the appealing party has the burden to bring forth a record showing that error was preserved). "In making the objection, terms of legal art are not required, but a litigant should at least 'let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Ortiz v. State*, No. 08-15-00344-CR, 2017 WL 3667829, at *4 (Tex. App.—El Paso Aug. 25, 2017, pet. ref'd) (not designated for publication)

(quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). This requirement applies to appellate complaints implicating the Confrontation Clause. *See id.*

Our review of the record shows that Appellant objected to the video recordings on the grounds of hearsay, Rule 403, and Rule 404(b), and that he made some references to whether certain witnesses had been subpoenaed and were available to testify. However, Appellant did not raise a sufficiently specific objection, either in his pretrial filings or during trial, to the video recordings on the basis that they violated the Confrontation Clause because they were being admitted and presented to the jury before Flor was subjected to cross-examination. Had he raised this objection, the trial court could have chosen to taken measures to ensure that Flor was subjected to cross-examination before the video recordings were played before the jury.[5] But because the record lacks Appellant's sufficiently specific objection on these grounds, we conclude that he has not preserved this issue for our review and his claim is waived. *See* TEX. R. APP. P. 33.1(a); *see also Ortiz*, 2017 WL 3667829, at *4 (appellant waived his Confrontation Clause appellate claim because although he objected to the evidence on hearsay grounds, he did not make an objection in the trial court specifically based on the Confrontation Clause).[6]

---

[5] Although Appellant asserts that a witness must be subjected to cross-examination at trial before her out-of-court testimonial statements may be admitted during the trial, he cites no case law expressly supporting his position. In response, the State cites several cases in which a trial court admitted a witness's out-of-court testimonial statement before the witness was subject to cross-examination at trial. *See Jaycox v. State*, No. 13-13-00639-CR, 2015 WL 5233200, at *3 n. 2 (Tex. App.—Corpus Christi Sept. 3, 2015, no pet.) (mem.op.) (not designated for publication) (recognizing that where a declarant was subject to cross-examination at trial, "[t]he Confrontation Clause is not offended if the declarant . . . is available and *later* testifies at trial.") (emphasis added); *DeLeon v. State*, No. 02-12-00629-CR, 2014 WL 3953902, at *4–5 (Tex. App.—Fort Worth Aug. 14, 2014, pet. ref'd) (mem. op., not designated for publication) (no violation of the Confrontation Clause occurred where an out-of-court testimonial statement was admitted prior to the declarant's being subject to cross-examination at trial); *Marzek v. State*, No. 06-10-00087-CR, 2011 WL 238347, at *2 (Tex. App.—Texarkana Jan. 25, 2011, no pet.) (mem. op., not designated for publication) (no Confrontation-Clause violation occurred where the out-of-court testimonial statement was admitted prior to the declarant's testimony during a hearing because the witness was subjected to cross-examination). But because Appellant did not preserve this issue for our review, we need not expressly decide the matter in this appeal.

[6] The State and trial court both referred to *Crawford v. Washington* during several different bench conferences, and at one point the prosecutor noted that Appellant had not formally raised an objection under *Crawford*. 541 U.S. 36,

Accordingly, we overrule Appellant's sixth issue.

## CONCLUSION

We affirm the judgment supporting Appellant's conviction.

LISA J. SOTO, Justice

March 8, 2023

Before Rodriguez, C.J., Soto, J., Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (sitting by assignment)

(Do Not Publish)

---

68 (2004). The trial court also seems to have excluded portions of the video recordings sua sponte, specifically stating that she would be "treating [the video] as a *Crawford* [issue]." Although the State and the trial court discussed the matter, the record confirms that Appellant did not meet his burden to raise the issue or the arguments he asserts on appeal himself. *See Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020) (noting that the appealing party has the burden to bring forth a record showing that error was preserved).